[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-13793
Non-Argument Calendar
_____

D.C. Docket No. 8:06-cr-00464-EAK-TGW-10

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHANCEY DEON COOPER,
a.k.a. Chauncy,
a.k.a. Black,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(January 6, 2021)

Before WILSON, ROSENBAUM and HULL, Circuit Judges.

PER CURIAM:

Chancey Deon Cooper appeals his 60-month sentence imposed upon revocation of his supervised release.  Cooper argues that the district court committed procedural error under Tapia v. United States, 564 U.S. 319, 131 S. Ct. 2382 (2011), by improperly considering rehabilitation in sentencing him.  After careful review, we affirm his revocation sentence.

## I.  BACKGROUND

### A.    Underlying Conviction and Sentence

In 2007, Cooper pled guilty to conspiracy to possess with intent to distribute cocaine base ("crack cocaine") and brandishing a firearm during the drug conspiracy.  Cooper's advisory guidelines range was 210 to 262 months' imprisonment on the drug conspiracy conviction.  After granting a downward departure, the court reduced Cooper's guidelines range to 87 to 108 months' imprisonment.  The district court sentenced Cooper to 87 months on the drug conspiracy conviction and a mandatory consecutive term of 84 months on the firearm conviction, followed by concurrent supervised release terms of 60 months.

Subsequently, Cooper's prison term for the drug conspiracy conviction was reduced to 56 months' imprisonment based on Sentencing Guidelines amendments. This reduced his total sentence to 140 months.

2

**B.    January 2018 Supervised Release Violations**

On January 13, 2017, Cooper began serving his concurrent 60-month supervised release terms. In January 2018, Cooper's probation officer filed a report stating that Cooper had tested positive for controlled substances and not maintained employment. The probation officer recounted that Cooper admitted to using drugs but took responsibility for his actions. The probation officer issued Cooper a written reprimand, referred him to substance abuse treatment, and requested that the court take no further action.

**C.    March and April 2018 Petitions for Revocation**

In March 2018, the probation officer filed a petition to revoke Cooper's supervised release based on three alleged violations: (1) Cooper's attempt to deceive his probation officer by using a prosthetic penis and concealed bag of urine when asked to provide a urine sample, which constituted new criminal conduct of fraudulent practices under Florida Statute § 817.565; (2) Cooper's continuing failure, since November 2017, to maintain a lawful occupation without an acceptable excuse; and (3) Cooper's admitted use of marijuana. The district court issued an arrest warrant.

On April 13, 2018, during a traffic stop, Cooper was arrested on the outstanding warrant. During the stop, officers observed several items consistent with narcotics sales in Cooper's car, including small plastic baggies, "cut" straws,

3

and a small digital scale.  The officers also searched Cooper incident to his arrest and recovered a 2.8-gram bag of crack cocaine in Cooper's pants.  After transporting Cooper to the Sheriff's office, officers noticed a tan powdery substance and ripped bag on the patrol vehicle's floorboard.  A second ripped bag of the tan substance was found in Cooper's boxer shorts.  The tan substance tested positive for fentanyl, and the patrol vehicle had to be decontaminated.

Based on this new criminal conduct, the probation officer filed a superseding petition for revocation of Cooper's supervised release.  To the above three violations, the superseding petition added these four violations of new criminal conduct: (4) possession of fentanyl with intent to sell; (5) possession of crack cocaine with intent to sell; (6) tampering with evidence (the fentanyl); and (7) possession of drug paraphernalia.  Each additional violation had resulted in a state criminal charge.

In an accompanying memorandum, the probation officer noted that Cooper's actions in spreading the fentanyl around the patrol vehicle's back seat "potentially placed the lives of the public and the Manatee County Sheriff's Office personnel in serious danger given the potential for overdose from incidental contact with fentanyl."  Cooper's statutory maximum revocation sentence was 5 years' imprisonment, and his guidelines range was 30 to 37 months, based on his Class A felony conviction and his criminal history category of III.

Ultimately, the probation officer recommended that Cooper be sentenced to the statutory maximum of five years' imprisonment because: (1) Cooper was "consistently deceptive with his probation officer"; (2) Cooper was "not amenable to community-based supervision"; (3) Cooper's new criminal violations were serious; (4) his conduct in spreading fentanyl over the backseat of the police vehicle "was extremely reckless"; and (5) the "Southern Manatee Fire & Rescue District incurred a financial loss of $1,662.18 as a result of their response to the [fentanyl] incident."

## D.    Revocation Hearing and Sentencing

At an October 24, 2018 revocation hearing, Cooper pled guilty to four violations (attempting to falsify the urine sample, failing to maintain employment, using marijuana, and possessing crack cocaine with intent to sell).  The government withdrew the three remaining violations (possession of fentanyl with intent to sell, tampering with evidence, and possession of drug paraphernalia), but stated that it intended to use the conduct underlying those violations as aggravating factors for imposing the statutory maximum revocation sentence.

Cooper requested a sentence within the advisory guidelines range of 30 to 37 months.  The probation officer and the government requested a statutory maximum sentence of 60 months.  The district court revoked Cooper's supervised release and imposed a 60-month sentence.

**E.      Appeal and Remand**

In the prior appeal, Cooper argued, and the government conceded, that the district court, by considering drug rehabilitation in varying upward, had committed Tapia error that was not harmless.  See United States v. Cooper, 779 F. App'x 588, 589 (11th Cir. 2019).  This Court agreed because the district court had "sentenced Cooper to the statutory maximum specifically because of his need for rehabilitation."  Id. at 594.  The Court vacated Cooper's sentence and remanded for resentencing.  Id.

**F.      Resentencing on September 13, 2019**

At the resentencing hearing, the district court noted that it had looked over this Court's remand opinion and would "abide by" it.  Cooper's counsel argued that: (1) a sentence within the advisory guidelines range "would be more than sufficient to accomplish any ends this Court might wish to do in terms of rehabilitation"; (2) a 60-month sentence would be unreasonable given Cooper's "personal characteristics, his mental health issues, [and] his former substance abuse issues"; (3) Cooper still faced state charges and would not "be able to do the RDAP program or any of those programs the Court suggested [at the 2018 revocation hearing] because there's a State hold on him";[1] and (4) Cooper was able to get into the Federal Prison Industries program, UNICOR, which is designed to

---

[1]RDAP is the Bureau of Prison's Residential Drug Abuse Program.

6

develop work and job training activities. Cooper had worked well, as reflected in a letter from his prison counselor.

The government asked again for a 60-month sentence as warranted by the 18 U.S.C. § 3553(a) factors, adopted by § 3583 for determining revocation sentences. The government stressed: (1) the dangerousness of the fentanyl-heroin mixture Cooper spread in the patrol car and at police station; (2) the fact that Cooper's 140-month prison sentence had not deterred him from returning to drug crimes and "graduat[ing] to the most serious drug that we have"; (3) if Cooper's drug mixture had been sold on the streets, it likely would have resulted in serious harm and possibly death; and (4) the drug mixture had jeopardized the patrol officers' safety and required a HazMat team to clean it up safely. The government contended that, under these circumstances, a 60-month sentence was needed to protect the public, promote respect for the law, afford adequate deterrence, and provide just punishment.

Allocuting, Cooper stated that, after participating in the UNICOR program, he was no longer the person who committed the supervised release violations. Cooper asked for a sentence that would let him return to his family and care for his father. Cooper's father also spoke, stating he was disabled, required dialysis, and needed his son to take him to his dialysis and doctor's appointments.

The district court then commended Cooper for taking advantage of prison programs and acknowledged the letter from Cooper's prison counselor reporting Cooper's success in UNICOR. The district court stated, "And the time that you have available to you yet to serve, based upon what the Court is going to do, should encourage you to continue to keep doing what you've been doing along those same lines." The district court determined that a 60-month sentence was appropriate based on the circumstances and § 3553(a) factors referenced by the government, stating:

> On reflection of the opinion from the Eleventh Circuit, and the opportunity for this Court to reconsider what it's done, I have to agree with [the prosecutor] and incorporate by reference his argument in reference to the appropriate sections of 18 U.S.C. I think that the 60-month sentence is appropriate and for all the reasons that I incorporate by reference from [the prosecutor's] argument. That's the sentence I impose, credit for time served.

Cooper's counsel objected that the sentence was substantively and procedurally unreasonable "in that it's an above-the-guideline sentence." Counsel said nothing about <u>Tapia</u> and made no claim that the district court this time had improperly considered drug or vocational rehabilitation. Counsel was the same counsel who had handled Cooper's first revocation sentencing and made a <u>Tapia</u> objection before.

## II. DISCUSSION

In Tapia, the Supreme Court held that a sentencing court "may not impose or lengthen a prison sentence to enable an offender to complete a treatment program or otherwise to promote rehabilitation." 564 U.S. at 335, 131 S. Ct. at 2393; see also 18 U.S.C. § 3582(a) (instructing sentencing courts to "recogniz[e] that imprisonment is not an appropriate means of promoting correction and rehabilitation"). A sentencing court does not commit Tapia error, however, merely by "discussing the opportunities for rehabilitation within prison or the benefits of specific treatment or training programs" at sentencing. Id. at 334, 131 S. Ct. at 2392; see also United States v. Vandergrift, 754 F.3d 1303, 1311 (11th Cir. 2014) ("We recognize, though, that Tapia does not prohibit a district court from discussing rehabilitation during a sentencing hearing.").

This Court has applied Tapia "in the context of resentencing upon the revocation of supervised release." Vandergrift, 754 F.3d at 1309. In Vandergrift, this Court held that "Tapia error occurs where the district court considers rehabilitation when crafting a sentence of imprisonment," even when the court does not make rehabilitation a "dominant factor" in reaching the sentencing determination or tailor the length of the sentence to permit completion of a rehabilitation program. Id. at 1310. Thus, if a district court considers

9

rehabilitation in determining the revocation sentence, it commits procedural error.

Id.

First, we do not agree with the government that Cooper invited any alleged

Tapia error.[2]  At resentencing, Cooper argued in mitigation that during his 18

months in custody he had successfully participated in UNICOR but was unable to

participate in RDAP.  However, Cooper did not ask the district court to lengthen

his sentence so that he could participate, or continue to participate, in these prison

programs.  Indeed, Cooper advised the court that he would be unable to participate

in RDAP due to the state's hold in connection with his state charges.  Under these

circumstances, Cooper did not invite a Tapia error.  However, we do conclude that

Cooper has not carried his burden to show a Tapia error in fact occurred.

To be sure, the district court, at Cooper's prompting, discussed with him his

participation in UNICOR and his inability to participate in RDAP.  But Cooper has

not established that the district court did more than that.  Rather, the sentencing

transcript, as a whole, does not demonstrate that the district court crafted Cooper's

60-month sentence to enable rehabilitation.

---

[2]Because Cooper's counsel objected only generally to procedural reasonableness and never mentioned Tapia or improper consideration of rehabilitation, the government argues we should review only for plain error.  We need not decide that issue because there is no error in any event.

10

Cooper points to the district court's statement, made after commending him on his success in the UNICOR program, that the time Cooper had yet to serve "should encourage [him] to continue to keep doing what [he had] been doing along those lines." This statement is ambiguous at best. Even when viewed in isolation, it could be read as an attempt by the court to offer Cooper advice and encouragement. See id. at 1311 (explaining that a sentencing court does not err in discussing with a defendant the opportunities and benefits of prison rehabilitation programs).

But this statement cannot be read in isolation. Indeed, it was immediately followed by the district court's statement that, upon reflecting on this Court's opinion vacating the prior sentence for Tapia error, the court agreed with and incorporated the government's articulated reasons for a 60-month sentence. The government's reasons did not include Cooper's need to participate in prison rehabilitation programs, but rather were focused on the seriousness of Cooper's fentanyl-heroin drug mixture and violative conduct, including the danger it posed to both the public and to law enforcement, and the fact that Cooper's 140-month prison term had not deterred him from returning to criminal conduct once on supervised release. Thus, it is not readily apparent from the record that the district court considered Cooper's rehabilitative needs in determining that a 60-month sentence was appropriate.

11

Because Cooper has not met his burden to show <u>Tapia</u> error, we affirm his 60-month revocation sentence.[3]

**AFFIRMED.**

---

[3]Cooper's appeal brief states in passing that, in light of the alleged <u>Tapia</u> error, his sentence also is substantively unreasonable, but provides no separate argument or analysis as to whether his sentence is substantively unreasonable.  Accordingly, this issue is deemed abandoned, and we do not address it.  <u>See</u> <u>Sapuppo v. Allstate Floridian Ins. Co.</u>, 739 F.3d 678, 682-83 (11th Cir. 2014).